UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO G.B. (A-Number: 204-472-910),<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX, et al.,<br>Respondents. | Case No. 1:26-cv-1610-KES-JDP<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND REQUIRING IMMEDIATE RELEASE<br>Doc. 17, 32 |

Petitioner, an immigration detainee, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 31, 2026, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. Doc. 32. Respondents filed objections to the findings and recommendations. Doc. 33.

In accordance with 28 U.S.C. § 636(b)(1), this court has conducted a de novo review of this case. Having carefully reviewed the file, including respondents' objections, the court finds the findings and recommendations to be supported by the record and by proper analysis. Respondents argue that this action is barred under the abuse of writ doctrine and that, if this

petition is allowed to proceed, there will be two conflicting decisions within this district. Doc. 33 at 2–5. This argument is not persuasive. The magistrate judge, who issued the ruling on the prior habeas petition on consent jurisdiction, correctly found this action was not barred by the abuse of writ doctrine. *See* Doc. 32 at 4–6. The findings and recommendations correctly reasoned that respondents had the burden of establishing that this habeas petition was barred by the abuse of writ doctrine and that respondents' minimal assertions failed to carry that burden. Doc. 32 at 4–5. Nor is the court persuaded that a pro se plaintiff should have "routinely" raised a due process and *Accardi* claim in the initial habeas petition.

Respondents also argue that the magistrate judge erred in finding that petitioner has a protected liberty interest and that due process requires petitioner's release from detention. Doc. 33 at 2. But DACA status confers a liberty interest. *See, e.g.*, *Bueso Flores v. Chestnut, et al.*, No. 1:26-cv-04245-KES-EPG, 2026 WL 2678329, at *2 (E.D. Cal. Sept. 11, 2026) ("This court and many other courts have found that 'the government's knowing decision not to detain an individual creates a liberty interest in their continued release.'"). Respondents argue that DACA does not foreclose the initiation of removal proceedings where recipients commit crimes. Doc. 33 at 2. But respondents have not presented any evidence that petitioner has been convicted of a crime. While petitioner was arrested for an offense, respondents do not claim that he was convicted of that offense. Nor do respondents argue that the arrest, by itself, would terminate petitioner's DACA status.

Respondents also object to the finding that due process requires a pre-deprivation hearing. Doc. 33 at 2–3. The court agrees with the findings and recommendations that due process requires a pre-deprivation hearing in these circumstances. *See also Bueso Flores*, 2026 WL 2678329. Respondents do not challenge the finding that "there was [no] necessity of quick action, or that providing a pre-deprivation hearing was impractical." Doc. 32 at 10. Respondents do not substantially address the due process analysis conducted by the magistrate judge, who correctly found that petitioner had a significant private interest in remaining free from immigration detention and that due process required a pre-deprivation hearing.

Respondents argue, incorrectly, that it "makes no difference who has the burden of proof"

in determining whether the bond hearing petitioner received remedied the due process violation. Doc. 33 at 4. The court disagrees – requiring a petitioner to prove he is not a flight risk or danger is fundamentally different than placing the burden on the government to prove by clear and convincing evidence that the petitioner is a danger or flight risk.[1] Respondents argue, without any significant discussion of the record, that the bond hearing petitioner received in the immigration court would survive an abuse of discretion review, but that argument misses the point. As the government was not held at that hearing to the clear and convincing evidence standard required by due process, petitioner has not had a constitutionally adequate hearing in the fifteen months he has been held in detention.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 31, 2026, Doc. 32, are ADOPTED in full;
2. The first amended petition for writ of habeas corpus, Doc. 17, is GRANTED;
3. Respondents are ordered to immediately release petitioner Julio G.B. (A-Number: 204-472-910) on the same conditions as prior to his detention. Respondents shall not impose any additional restrictions on petitioner, unless that is determined to be necessary at a future pre-deprivation hearing.
4. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or

---

[1] The court is troubled by respondents' counsel's representation that "Petitioner was afforded four hearings before an immigration judge at which he had an opportunity to show materially changed circumstances warranted reconsideration of the original bond decision." *See* Doc. 33 at 4–5. Contrary to this representation, respondents' own exhibit demonstrates (and the findings and recommendations note) that the immigration court denied the custody redetermination hearings *for lack of jurisdiction*. *See* Doc. 22-1 at 1 (showing that immigration court denied request for change in custody status for lack of jurisdiction on March 18, 2026, and noted that it had previously denied petitioner's requests for custody redetermination on jurisdictional grounds on September 8, 2025, July 25, 2025, December 3, 2025, and January 15, 2026); *see also* Doc. 32 at 4 & n.5 (stating that "Respondents' claim that petitioner 'has had five post-deprivation custody reviews' is misleading, and government counsel is cautioned regarding this issue.").

danger to the community such that his physical custody is legally justified;[2]

5. The Clerk of Court is directed to serve Golden State Annex Detention Facility with a copy of this order; and

6. The Clerk of Court is directed to enter judgment accordingly and close this case.

IT IS SO ORDERED.

Dated: September 27, 2026

UNITED STATES DISTRICT JUDGE

---

[2] This order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal